# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Addam Orsburn, | CIVIL ACTION |
| Plaintiff, | No.: 1:26-cv-01637-VMC |
| v. | JURY TRIAL DEMANDED |
| Tandem Defense LLC, Jeremy Schnipke, and Andrew Valkenburg, | |
| Defendants. | |

## DEFENDANT JEREMY SCHNIPKE'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Jeremy Schnipke ("Schnipke"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss each of the claims asserted by Plaintiff Addam Orsburn ("Plaintiff") in this action.

Plaintiff brings two claims pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 et seq., against Schnipke in his individual capacity. The Complaint's allegations establish that Plaintiff was a member-owner of Strategic Logix, LLC—not an "employee"— and USERRA therefore does not apply. Independently, the Complaint fails to plausibly allege that Schnipke is an "employer" of Plaintiff within the meaning of 38 U.S.C. § 4303(4)(A), which is a prerequisite for any USERRA claim against him.

1

The grounds for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

For the reasons set forth in the accompanying Memorandum, Schnipke respectfully requests that the Court dismiss Plaintiff's USERRA claims against him with prejudice. Schnipke further requests such other and further relief as the Court deems just and proper.

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JEREMY SCHNIPKE'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>

### I.      INTRODUCTION

*First,* Plaintiff cannot state a claim pursuant to USERRA because he was not an employee of Tandem Defense or Strategic Logix, LLC ("Strategic Logix"). USERRA's reemployment, anti-discrimination, and anti-retaliation protections all run to and protect only "employees."  *See* 38 U.S.C. §§ 4303(3), 4311, 4312. Plaintiff pleads that he was a "founder" and a 20% "member" of Strategic Logix, with rights as a member of a Georgia limited liability company, and that his compensation was an equity interest.  A 20% equity member of an LLC, compensated through his ownership stake, is an owner, not an "employee."  Because Plaintiff was not an employee, USERRA does not apply to him against any defendant.

*Second*, Plaintiff's USERRA claims against Schnipke fail because Schnipke is not a statutory "employer."  USERRA imposes obligations only on "employers"— a term Congress defined with precision in 38 U.S.C. § 4303(4)(A).  To state a USERRA claim against Schnipke personally, the Complaint must plausibly allege facts establishing that Schnipke either (i) "paid salary or wages" to Plaintiff "for work performed," or (ii) had individual "control over employment opportunities" of Plaintiff. See 38 U.S.C. § 4303(4)(A)(i).  The Complaint does neither.

3

Accordingly, the USERRA claims against Schnipke should be dismissed under Rule 12(b)(6) for failure to state a claim.

## II.     RELEVANT COMPLAINT ALLEGATIONS

Plaintiff alleges that he was a 20% "member" or "founder" of Strategic Logix, with rights as a member of the LLC under Georgia law, and the title "Director of Business Development."     *See* Compl. ¶¶ 1, 25.     Plaintiff alleges that his compensation arrangement with Strategic Logix was an equity interest, initially a 5% interest and later a 20% interest. *Id.*

Plaintiff does not allege that he received a salary, wages, W-2 income, employee benefits, paid leave, or 401(k) contributions from Strategic Logix; that Strategic Logix withheld payroll or employment taxes on his behalf; or that Strategic Logix set his work hours, required him to report to a designated workplace, or prohibited him from working elsewhere. *See generally id*.

The Complaint does not allege any facts demonstrating that Schnipke individually employed Plaintiff.  Plaintiff alleges no facts showing that he was paid wages or salary by Schnipke personally. *See generally Compl.*  Plaintiff alleges no facts showing that Schnipke withheld payroll taxes, issued a Form W-2, or provided employee benefits. *See id.*  Plaintiff does not allege that Schnipke personally hired him, personally terminated his employment, or personally exercised any employer-

4

like authority over him separate and apart from Schnipke's role at Strategic Logix.

*See id.*

### III.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Assertions that "are no more than legal conclusions, are not entitled to the assumption of truth."  *Id*. at 679.  Where a complaint pleads facts "merely consistent with" liability, it "stops short of the line between possibility and plausibility."  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."  *Id.* (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F. 3d 1182, 1188 (11th Cir. 2002).

### IV.   ARGUMENT

#### A.   **Plaintiff Was Not an "Employee" Within the Meaning of USERRA, and the Statute Therefore Does Not Apply to Him**

The Complaint's USERRA claims against Schnipke depend on a premise the Complaint's own allegations defeat: that Plaintiff was an "employee."  He was not.

By his own pleading, Plaintiff was a member-owner of Strategic Logix and, therefore, Plaintiff's USERRA claim must be dismissed.

### 1. USERRA protects only "employees"; an owner of a business is not an "employee"

USERRA's protections extended only to "employees." The statute defines an "employee" as "any person employed by an employer." 38 U.S.C. § 4303(3). Its reemployment right runs to "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services." *Id*. § 4312(a) (emphasis added). Its anti-discrimination and anti-retaliation provisions likewise protect only persons in "employment." *Id*. § 4311. A person who is not an "employee" has no rights under USERRA.

Whether a person is an "employee" is determined by the ordinary, common-law meaning of that term. *See Myrick v. City of Hoover*, 69 F.4th 1309, 1316 (11th Cir. 2023) (explaining that USERRA terms are construed according to their "ordinary meaning . . . at the time" of enactment); *Quick v. Frontier Airlines, Inc.*, 544 F. Supp. 2d 1197, 1207 (D. Colo. 2008) (explaining that the USERRA term "employee" is "commonly understood to signify a 'person who works in the service of another person'").

The Supreme Court has made clear that an owner of a business is not, by virtue of working in it, an "employee." In *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440 (2003), the Court held that whether a person is an "employee"

6

turns on the common-law touchstone of control—"whether the individual acts independently and participates in managing the organization, or whether the individual is subject to the organization's control."  *Id*. at 448–49 & n.9.  An individual who is an owner, who shares in the profits, losses, and liabilities of the enterprise, and who participates in its management should be counted as an owner, rather than as an employee.  *Id*. at 450 ("[A]n employer is the person, or group of persons, who owns and manages the enterprise.").  The label the parties use does not control; the economic and managerial realities do.  *Id*. at 448–50.

> **2.    The Complaint affirmatively defeats any claim that Plaintiff was an "employee"**

The Complaint alleges Plaintiff was a business owner, not an employee. Plaintiff alleges that he was a "founder" of Strategic Logix and that he holds a 20% "membership" interest in the company, with the rights of a member of a Georgia limited liability company.  *See, e.g.*, Compl. ¶¶ 2, 30.  The Complaint further alleges that his compensation was in the form of an equity interest—first 5%, later 20%. *See id.* ¶ 25.

Equally telling is that the Complaint does not allege any traditional indicia of an employment relationship.  It does not allege that Plaintiff received a salary, wages, or W-2 income from Strategic Logix.  It does not allege that Strategic Logix withheld employment taxes on his behalf, enrolled him in employee benefits, or provided him paid leave or retirement contributions.  It does not allege that Strategic

Logix set his hours, required him to report to a workplace, or restricted his outside work.

The Complaint should be dismissed due to the affirmative allegations of ownership and the absence of allegations indicative of employment. The touchstone of "employee" status is control: an individual who is an owner, who shares in the profits and losses of the enterprise, and who participates in its governance is an owner, not an employee. *See Clackamas*, 538 U.S. at 448–50. A 20% equity member of an LLC, compensated through his ownership stake, sits squarely on the owner side of that line. The ordinary meaning of "employee"—"a person who works in the service of another"—does not describe a co-founding member who works in a company he co-owns. *See Myrick*, 69 F.4th at 1316; *Quick*, 544 F. Supp. 2d at 1207.

Though the Complaint asserts in conclusory terms that Plaintiff was "employed" or was an "employee" of Strategic Logix, these allegations are legal conclusions, not facts, and they may be disregarded. *See Iqbal*, 556 U.S. at 678–79. The Court must set the labels aside and examine the well-pleaded facts. *See id.* The facts alleged in the Complaint describe a member-owner, not an employee.

Because USERRA protects only "employees," 38 U.S.C. §§ 4303(3), 4311, 4312, it does not apply to Plaintiff, and his USERRA claims against Schnipke fail.

**B.**      **The Complaint Does Not Plausibly Allege Facts Demonstrating Individual Liability as to Schnipke**

**1.**      **USERRA limits liability only to statutory "employers"**

USERRA prohibits discrimination and retaliation in employment and requires reemployment in certain circumstances. *See* 38 U.S.C. §§ 4311, 4312. Each of these obligations run to and from an "employer." Section 4303(4)(A) of USERRA defines "employer" as follows:

> [T]he term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including—(i) a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities[.]

*See* 38 U.S.C. § 4303(4)(A).

Generalized allegations that an individual was a decisionmaker are not enough to establish that an individual is an "employer" within the meaning of USERRA. Personal or individual liability may only be established if the defendant satisfies the strict definition of "employer," that is, if the defendant pays the salary or wages of the individual or if the defendant controls employment opportunities. *See, e.g.*, *Kassel v. City of Middletown*, 272 F. Supp. 3d 516, 531 (S.D.N.Y. 2017); *Mace v. Willis*, 259 F. Supp. 3d 1007, 1023 (D.S.D. 2017), *aff'd*, 897 F.3d 926 (8th Cir. 2018).

9

### 2. The Complaint fails to allege that Schnipke is an "employer" within the meaning of USERRA

*First,* the Complaint does not allege facts demonstrating that Schnipke personally paid Plaintiff a salary, wages, or any other employment compensation. To the contrary, the Complaint alleges that Plaintiff's relationship with Strategic Logix was structured around a member-equity interest, not wage compensation. *See* Compl. ¶ 25.

*Second*, the Complaint does not plausibly allege that Schnipke had individual control over Plaintiff's employment opportunities. The Complaint does not allege the existence of a specific employment relationship that was disrupted or otherwise prevented by Schnipke. Indeed, the Complaint suggests the opposite: that Plaintiff continues to maintain a 20% interest in Strategic Logix despite the remaining allegations in the Complaint. *See id.* ¶ 99.

### C. The USERRA Claims Against Schnipke Should Be Dismissed *With Prejudice*

Dismissal *with prejudice* is warranted because the Complaint pleads factual allegations that defeat Plaintiff's claims. Plaintiff's USERRA claims against Schnipke fail because Plaintiff was not an "employee" based on the affirmative allegations asserted in the Complaint. Where, as here, the allegations in the Complaint amount to a complete defense of the claims asserted therein, dismissal *with prejudice* is warranted. *See Doe v. Emory Univ.*, No. 1:20-CV-2002-TWT,

10

2021 WL 358391, at *7 (N.D. Ga. Jan. 22, 2021) (dismissing claim for unjust enrichment with prejudice where the complaint alleged the plaintiff breached an implied contract).

## V.   CONCLUSION

For the foregoing reasons, Defendant Jeremy Schnipke respectfully requests that this Court grant his Motion to Dismiss Plaintiff's USERRA claims under Federal Rule of Civil Procedure 12(b)(6) and dismiss those claims with prejudice. Schnipke further requests such other and further relief as the Court deems just and proper.

Respectfully submitted, this 26th day of May, 2026.

/s/ Grace M. Tillman
Grace M. Tillman
Georgia Bar No. 343005
**OBERMAN LAW FIRM**
327 Dahlonega Street, Suite 401
Cumming, Georgia 30040
Telephone: (770) 886-2400
Facsimile: (770) 888-9300
grace@obermanlaw.com

*Counsel for Defendant Jeremy Schnipke*

11

# <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to L.R. 7.1D (N.D. Ga.), the undersigned certifies that this filing has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

> <u>/s/ Grace M. Tillman</u>
> Grace M. Tillman
> Georgia Bar No. 343005
> **OBERMAN LAW FIRM**
> 327 Dahlonega Street, Suite 401
> Cumming, Georgia 30040
> Telephone: (770) 886-2400
> Facsimile: (770) 888-9300
> grace@obermanlaw.com
>
> *Counsel for Defendant Jeremy Schnipke*

12

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Court using the CM/ECF System which will serve a copy via the e-filing system on all counsel of record. I also caused a copy to be served via U.S. Mail and email to the following:

| | |
|---|---|
| Peter J. Wozniak | Cary S. King |
| Attorney for Tandem Defense LLC | Attorney for Andrew Valkenburg |
| King & Spalding, LLP | SK Law Group |
| 1180 Peachtree Street, NE | 6600 Peachtree Dunwoody Rd |
| Suite 1600 | Building 500, Suite 255 |
| Atlanta, Georgia 30309 | Atlanta, GA 30328 |
| pwozniak@kslaw.com | cary@sklawgroupatl.com |
| David G.H. Brackett | Alexander C. Meier |
| Patrick C. Fagan | Cary R. Burke |
| Attorney Addam Orsburn | Attorney for Addam Orsburn |
| Bondurant Mixson & Elmore, LLP | Lee Meier Burke, LLC |
| 1201 West Peachtree St NW | 695 Pylant Street NE |
| Suite 3900 | Suite 105 |
| Atlanta, GA 30309 | Atlanta, Georgia 30306 |
| brackett@bmelaw.com | ameier@leemeierburke.com |
| fagan@bmelaw.com | cburke@leemeierburke.com |

This 26th day of May, 2026.

/s/ Grace M. Tillman
Grace M. Tillman
Georgia Bar No. 343005

*Counsel for Defendant Jeremy Schnipke*

13