**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Addam Orsburn, | CIVIL ACTION |
| Plaintiff, | No.: 1:26-cv-01637-VMC |
| v. | JURY TRIAL DEMANDED |
| Tandem Defense LLC, Jeremy Schnipke, and Andrew Valkenburg, | |
| Defendants. | |

**DEFENDANT TANDEM DEFENSE LLC'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Tandem Defense LLC ("Tandem Defense"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss each of the claims asserted by Plaintiff Addam Orsburn ("Plaintiff") in this action. Plaintiff brings two claims pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq*., against Tandem Defense. USERRA protects only "employees." The Complaint's allegations establish that Plaintiff was a member-owner of Strategic Logix, LLC—not an "employee"—and USERRA therefore does not apply. Independently, even if Plaintiff were an employee, Tandem Defense never employed him. The grounds for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

1

For the reasons set forth in the accompanying Memorandum, Tandem Defense respectfully requests that the Court dismiss Plaintiff's USERRA claims against it with prejudice, and grant such other and further relief as the Court deems just and proper.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TANDEM DEFENSE LLC'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I.   INTRODUCTION

Plaintiff cannot state a claim pursuant to USERRA because he was not an employee of Tandem Defense or Strategic Logix, LLC ("Strategic Logix"). USERRA's reemployment, anti-discrimination, and anti-retaliation protections all run to and protect only "employees." *See* 38 U.S.C. §§ 4303(3), 4311, 4312. Plaintiff pleads that he was a "founder" and a 20% "member" of Strategic Logix, with rights as a member of a Georgia limited liability company, and that his compensation was an equity interest. A 20% equity member of an LLC, compensated through his ownership stake, is an owner, not an "employee." Because Plaintiff was not an employee, USERRA does not apply to him against any defendant, and the Court need not reach any question about who his "employer" was or whether Tandem Defense is a "successor in interest" to anyone. The USERRA claims against Tandem Defense fail on this ground alone.

The claims against Tandem Defense also fail for a second, independent reason: Tandem Defense never employed Plaintiff. Plaintiff never applied to Tandem Defense, was never hired by Tandem Defense, never performed any work for Tandem Defense, nor received any compensation from Tandem Defense. The Complaint fails to plausibly plead a "successor in interest" theory by which Tandem

Defense could be treated as Plaintiff's "employer." The Complaint offers only timing coincidences, drone-product naming similarities, and speculation about the movement of assets and personnel, rather than the well-pleaded factual content required by the successor-in-interest test.

Accordingly, the USERRA claims against Tandem Defense should be dismissed under Rule 12(b)(6).

## II.    RELEVANT COMPLAINT ALLEGATIONS

Plaintiff alleges that he was a "founder" of Strategic Logix and that he holds a 20% "membership" or "ownership" interest in Strategic Logix, with rights as a member of a Georgia limited liability company, and the title "Director of Business Development." *See* Compl. ¶¶ 1, 25. Plaintiff alleges that his compensation arrangement with Strategic Logix was an equity interest, initially a 5% interest and later a 20% interest. *Id.*

Plaintiff does not allege that he received a salary, wages, W-2 income, employee benefits, paid leave, or 401(k) contributions from Strategic Logix; that Strategic Logix withheld payroll or employment taxes on his behalf; or that Strategic Logix set his work hours, required him to report to a designated workplace, or prohibited him from working elsewhere. *See generally id*.

Plaintiff alleges that Tandem Defense is a separate Georgia limited liability company that was organized in or about December 2025. *See id*. ¶ 80.

4

Plaintiff does not allege that he ever applied for employment with Tandem Defense, that he was ever offered employment by Tandem Defense, that he ever performed any work for Tandem Defense, or that Tandem Defense ever paid him any salary, wages, or other compensation. *See generally* Compl.

Plaintiff's theory of liability against Tandem Defense is that Tandem Defense is a "successor in interest" to Strategic Logix. *See id.* ¶ 92. In support of this theory, Plaintiff alleges, among other things, that Tandem Defense was organized at or around the time Strategic Logix's operations are said to have slowed; that Tandem Defense was organized by an individual associated with Strategic Logix; that Tandem Defense offers drone products with names said to resemble Strategic Logix products; and that personnel associated with Strategic Logix are also associated with Tandem Defense. *See id.* ¶¶ 82-88. Plaintiff does not allege any actual, identified transfer of assets, contracts, or property from Strategic Logix to Tandem Defense.

## III.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Assertions that are no more than legal conclusions are not entitled to the assumption of truth. *Id*. at 679.

Where a complaint pleads facts "merely consistent with" liability, it "stops short of the line between possibility and plausibility." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Id.* (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002).

## IV.    ARGUMENT

### A.    Plaintiff Was Not an "Employee" Within the Meaning of USERRA, and the Statute Therefore Does Not Apply to Him

The Complaint's USERRA claims against Tandem Defense—indeed, against every Defendant—depend on a premise the Complaint's own allegations defeat: that Plaintiff was an "employee."  He was not.  By his own pleading, Plaintiff was a member-owner of Strategic Logix and, therefore, Plaintiff's USERRA claim must be dismissed.

#### 1.    USERRA protects only "employees"; an owner of a business is not an "employee"

USERRA's protections extended only to "employees."  The statute defines an "employee" as "any person employed by an employer."  38 U.S.C. § 4303(3).  Its reemployment right runs to "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services."  *Id*. § 4312(a) (emphasis added).  Its anti-discrimination and anti-retaliation provisions

likewise protect only persons in "employment."  *Id*. § 4311.  A person who is not an "employee" has no rights under USERRA.

Whether a person is an "employee" is determined by the ordinary, common-law meaning of that term.  *See Myrick v. City of Hoover*, 69 F.4th 1309, 1316 (11th Cir. 2023) (explaining that USERRA terms are construed according to their "ordinary meaning . . . at the time" of enactment); *Quick v. Frontier Airlines, Inc.*, 544 F. Supp. 2d 1197, 1207 (D. Colo. 2008) (explaining that the USERRA term "employee" is "commonly understood to signify a 'person who works in the service of another person'").

The Supreme Court has made clear that an owner of a business is not, by virtue of working in it, an "employee."  In *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440 (2003), the Court held that whether a person is an "employee" turns on the common-law touchstone of control—"whether the individual acts independently and participates in managing the organization, or whether the individual is subject to the organization's control."  *Id*. at 448–49 & n.9.  An individual who is an owner, who shares in the profits, losses, and liabilities of the enterprise, and who participates in its management should be counted as an owner, rather than as an employee.  *Id*. at 450 ("[A]n employer is the person, or group of persons, who owns and manages the enterprise.").  The label the parties use does not control; the economic and managerial realities do.  *Id*. at 448–50.

7

### 2. The Complaint affirmatively defeats any claim that Plaintiff was an "employee"

The Complaint alleges Plaintiff was a business owner, not an employee. Plaintiff alleges that he was a "founder" of Strategic Logix and that he holds a 20% "membership" interest in the company, with the rights of a member of a Georgia limited liability company. *See, e.g.*, Compl. ¶¶ 2, 30. The Complaint further alleges that his compensation was in the form of an equity interest—first 5%, later 20%. *See id.* ¶ 25.

Equally telling is that the Complaint does not allege any traditional indicia of an employment relationship. It does not allege that Plaintiff received a salary, wages, or W-2 income from Strategic Logix. It does not allege that Strategic Logix withheld employment taxes on his behalf, enrolled him in employee benefits, or provided him with paid leave or retirement contributions. It does not allege that Strategic Logix set his hours, required him to report to a workplace, or restricted his outside work.

The Complaint should be dismissed due to the affirmative allegations of ownership and the absence of allegations indicative of employment. The touchstone of "employee" status is control: an individual who is an owner, who shares in the profits and losses of the enterprise, and who participates in its governance is an owner, not an employee. *See Clackamas*, 538 U.S. at 448–50. A 20% equity member of an LLC, compensated through his ownership stake, sits squarely on the

owner side of that line.  The ordinary meaning of "employee"—"a person who works in the service of another"—does not describe a co-founding member who works in a company he co-owns.  *See Myrick*, 69 F.4th at 1316; *Quick*, 544 F. Supp. 2d at 1207.

Though the Complaint asserts in conclusory terms that Plaintiff was "employed" or was an "employee" of Strategic Logix, these allegations are legal conclusions, not facts, and they may be disregarded.  *See Iqbal*, 556 U.S. at 678–79. The Court must set the labels aside and examine the well-pleaded facts.  *See id.*  The facts alleged in the Complaint describe a member-owner, not an employee.

Because USERRA protects only "employees," 38 U.S.C. §§ 4303(3), 4311, 4312, it does not apply to Plaintiff, and his USERRA claims against Tandem Defense fail.[1]

### B.   The Complaint Fails to Plausibly Allege That Plaintiff Was Employed by Tandem Defense

Separate and apart from whether Plaintiff was an "employee" of any entity with respect to his USERRA claims, the Complaint does not plausibly allege that

---

[1] The conclusion that Plaintiff was not an "employee" resolves the claims against Tandem Defense without the Court ever reaching the question of whether Tandem is a successor-in-interest question.  If there was no "employee," there was no USERRA-protected employment for any "successor" to inherit.  Tandem Defense nonetheless addresses that inquiry below, in the alternative, because the Complaint independently fails to plead it.

Plaintiff was ever employed by Tandem Defense.  The claims against Tandem Defense should be dismissed for this independent reason.

### 1. The Complaint does not allege an employment relationship with Tandem Defense

USERRA's obligations run only against an employee's "employer."  *See supra.*  Section 4303(4)(A) defines "employer" to mean "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities[.]"  38 U.S.C. § 4303(4)(A).

The Complaint does not allege that Tandem Defense ever employed Plaintiff, nor does the Complaint assert any allegations demonstrating an employment relationship with Tandem Defense.  The Complaint does not allege that Tandem Defense ever paid Plaintiff, nor that Tandem Defense ever controlled Plaintiff's work or his employment opportunities.

Plaintiff's failure to allege an employment relationship with Tandem Defense necessarily warrants dismissal unless Plaintiff adequately alleges an alternative theory of liability.  *See Maeder v. Tom Bush Auto-Plex, Inc.*, No. 3:14-CV-335-J-34PDB, 2015 WL 1277925, at *3 (M.D. Fla. Mar. 20, 2015) (dismissing claims under Title VII for failure to plausibly allege an employment relationship with the defendant).

**2.      The Complaint does not sufficiently allege that Tandem Defense is a successor in interest**

Though the Complaint claims that Tandem Defense could be Plaintiff's "employer" based on a "successor in interest" theory, the Complaint does not plausibly plead allegations in support. *See Holt v. Hydraulic Hose of Hillsborough, LLC*, No. 8:18-CV-2082-T-33CPT, 2018 WL 7457682, at *2 (M.D. Fla. Nov. 9, 2018) ("[A]llegations that an entity is a successor in interest must be supported by facts, not conclusory allegations.")

USERRA states an "employer" may include any entity that is a "successor in interest" to any entity that otherwise satisfies the definition of "employer." *See* 38 U.S.C. § 4303(4)(A).  Whether an entity is a "successor in interest" is determined based "on a case-by-case basis using a multi-factor test[.]"  38 U.S.C. § 4303(4)(D)(i).  The factors are as follows:

> (I) Substantial continuity of business operations.
> (II) Use of the same or similar facilities.
> (III) Continuity of work force.
> (IV) Similarity of jobs and working conditions.
> (V) Similarity of supervisory personnel.
> (VI) Similarity of machinery, equipment, and production methods.
> (VII) Similarity of products or services.

*See id.*

The Complaint fails to allege facts demonstrating that Tandem Defense is a "successor in interest" to any previous employer of Plaintiff.  *First*, the Complaint does not allege any actual, identified transaction by which Tandem Defense took

11

over the business of Strategic Logix (factor I).  There are no allegations of an asset purchase agreement, merger, assignment of contracts, or an assumption of Strategic Logix's liabilities or operations.  Indeed, the Complaint does not allege that Strategic Logix's has been dissolved or discontinued operations.  In the absence of such allegations, Plaintiff cannot establish that Tandem Defense is a successor in interest. *See Holt,* 2018 WL 7457682, at *3 ("[B]ased on the Amended Complaint, Hydraulic Hose and Pirtek are both still operating entities . . . and there are no allegations of a transfer of assets. Therefore, there appears to be no prior entity to the named successor. And without a predecessor, there can be no successor liability.") (citing *Coffman v. Chugach Support Servs.*, 411 F.3d 1231, 1237 (11th Cir. 2005).)

*Second*, regarding the continuity of work force and supervisory personnel (factors III and V), the Complaint alleges, in conclusory terms, that Tandem Defense's "workforce is largely the same[.]" *See* Compl. ¶ 84.  No other allegations are offered in support.  The Complaint does not plead facts demonstrating that Tandem Defense's workforce is composed of former Strategic Logix employees, or that Strategic Logix's supervisory chain was carried over wholesale to Tandem Defense.  Such conclusory allegations should be disregarded. *Iqbal*, 556 U.S. at 679.

*Third*, regarding the similarity of jobs, machinery, production methods, and products (factors IV, VI, and VII), the Complaint's central factual allegation is that

certain Tandem Defense drone products bear names resembling Strategic Logix products. However, similar product names are not "machinery, equipment, and production methods," and they are not, standing alone, "substantial continuity" of operations. Two companies in the same narrow industry—domestically produced unmanned aerial systems—will inevitably offer comparable products; that market reality does not convert one into the statutory "successor" of the other.

Considered in its totality, the Complaint pleads only that Tandem Defense is a newer company, in the same industry, with some overlapping individuals and some comparable products. That is not a plausible allegation of successor-in-interest status; it is, at most, a set of facts "merely consistent with" Plaintiff's theory—which *Twombly* and *Iqbal* hold is insufficient. Stripped of its conclusory labels, the Complaint does not plausibly state a USERRA claim against Tandem Defense.

**C.      The USERRA Claims Against Tandem Defense Should Be Dismissed *With Prejudice***

Dismissal *with prejudice* is warranted because the Complaint pleads factual allegations that defeat Plaintiff's claims. Plaintiff's USERRA claims against Tandem Defense fail because Plaintiff was not an "employee" based on the affirmative allegations asserted in the Complaint. Where, as here, the allegations in the Complaint amount to a complete defense of the claims asserted therein, dismissal *with prejudice* is warranted. *See Doe v. Emory Univ.*, No. 1:20-CV-2002-TWT, 2021 WL 358391, at *7 (N.D. Ga. Jan. 22, 2021) (dismissing claim for unjust

enrichment with prejudice where the complaint alleged the plaintiff breach of an implied contract).

## V.    CONCLUSION

For the foregoing reasons, Defendant Tandem Defense LLC respectfully requests that this Court grant its Motion to Dismiss Plaintiff's USERRA claims under Federal Rule of Civil Procedure 12(b)(6) and dismiss those claims with prejudice. Tandem Defense further requests such other and further relief as the Court deems just and proper.

Respectfully submitted, this 26th day of May 2026.

/s/ Peter J. Wozniak

Peter J. Wozniak
Georgia Bar No. 875474
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-2890
Facsimile: (404) 572-5100
pwozniak@kslaw.com

*Counsel for Defendant Tandem Defense LLC*

14

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to L.R. 7.1D (N.D. Ga.), the undersigned certifies that this filing has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

<u>*/s/ Peter J. Wozniak*</u>

*Peter J. Wozniak*

*Counsel for Defendant Tandem Defense LLC*

15

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Court using the CM/ECF System which will serve a copy via the e-filing system on all counsel of record. I also caused a copy to be served via U.S. Mail and email to the following:

Cary S. King
Attorney for Andrew Valkenburg
SK Law Group
6600 Peachtree Dunwoody Rd
Building 500, Suite 255
Atlanta, GA 30328
cary@sklawgroupatl.com

Grace M. Tillman
Attorney for Jeremy Schnipke
Oberman Law Firm
327 Dahlonega Street
Suite 401
Cumming, GA 30040
grace@obermanlaw.com

David G.H. Brackett
Patrick C. Fagan
Attorney Addam Orsburn
Bondurant Mixson & Elmore, LLP
1201 West Peachtree St NW
Suite 3900
Atlanta, GA 30309
brackett@bmelaw.com
fagan@bmelaw.com

Alexander C. Meier
Cary R. Burke
Attorney for Addam Orsburn
Lee Meier Burke, LLC
695 Pylant Street NE
Suite 105
Atlanta, Georgia 30306
ameier@leemeierburke.com
cburke@leemeierburke.com

This 26th day of May 2026.

/s/ Peter J. Wozniak

Peter J. Wozniak

16