# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Addam Orsburn, | CIVIL ACTION |
| Plaintiff, | No.: 1:26-cv-01637-VMC |
| v. | JURY TRIAL DEMANDED |
| Tandem Defense LLC, Jeremy Schnipke, and Andrew Valkenburg, | |
| Defendants, | |
| Tandem Defense LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| Strategic Logix, LLC, | |
| Third-Party Defendant. | |

## DEFENDANT / THIRD-PARTY PLAINTIFF TANDEM DEFENSE LLC'S THIRD-PARTY COMPLAINT AGAINST STRATEGIC LOGIX, LLC

Defendant Tandem Defense LLC ("Tandem Defense" or "Third-Party Plaintiff"), by and through undersigned counsel, files this Third-Party Complaint against Third-Party Defendant Strategic Logix, LLC ("Strategic Logix") pursuant to Federal Rule of Civil Procedure 14(a), and shows the Court as follows:

## I.     PARTIES

1.     Plaintiff Addam Orsburn ("Plaintiff") is, on information and belief, a resident of the State of Oklahoma.

1

2. Tandem Defense LLC is a Georgia limited liability company with its principal place of business at 6600 Peachtree Dunwoody Road, Bldg. 600, Suite 225, Atlanta, GA, and is a Defendant in the above-captioned action. Tandem Defense brings this Third-Party Complaint in its capacity as Third-Party Plaintiff.

3. Strategic Logix, LLC is a Georgia limited liability company with its principal place of business at 6571 Trail Hikes Drive, Sugar Hill, Georgia 30518. Strategic Logix is in good standing with the Georgia Secretary of State. Strategic Logix is subject to the personal jurisdiction of this Court because it is a Georgia limited liability company that conducts business within the State of Georgia.

## II. JURISDICTION AND VENUE

4. Plaintiff brings claims arising under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4335 ("USERRA").

5. This Court has jurisdiction over the claims asserted in this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 38 U.S.C. § 4323(c)(2).

7. Joinder of Strategic Logix as a Third-Party Defendant is appropriate under Federal Rule of Civil Procedure 14(a)(1) because Strategic Logix is or may

be liable to Tandem Defense for all or part of Plaintiff's claim against Tandem Defense.

### III.    FACTUAL ALLEGATIONS

8.    Plaintiff has at all relevant times been a member of Strategic Logix, holding a 20% equity interest.

9.    Plaintiff has never been a member, employee, officer, or contractor of Tandem Defense.

10.    In or about January 2025, Plaintiff was deployed in the uniformed services.  To the extent Plaintiff held any position of employment giving rise to USERRA rights, that position was with Strategic Logix and not with Tandem Defense.

11.    Plaintiff alleges in his Complaint that Tandem Defense is a "successor in interest" to Strategic Logix within the meaning of 38 U.S.C. § 4303(4)(A) and (D)(i).  .

12.    Tandem Defense denies that allegation.  Tandem Defense did not acquire Strategic Logix, did not purchase the assets of Strategic Logix, and is not a party to any merger, consolidation, or asset purchase with Strategic Logix.

13.    Strategic Logix has not been dissolved or merged out of existence. Strategic Logix remains an operating Georgia limited liability company.

14.     On May 19, 2026, Strategic Logix extended a written offer of employment to Plaintiff for the position of Director of Business Development at Strategic Logix, with a base salary of $215,000 annually, plus a 20% commission on profits generated from Plaintiff's sales, with a start date of May 20, 2026.

15.     On May 20, 2026, Plaintiff signed and accepted Strategic Logix's written offer of employment.

16.     Plaintiff has been employed by Strategic Logix as Director of Business Development since May 20, 2026.

17.     Despite Strategic Logix's reemployment of Plaintiff, Plaintiff continues to seek mandatory injunctive relief and an award of equity in Tandem Defense in the underlying action. If any judgment is entered against Tandem Defense in the underlying action on the theory that Tandem Defense is liable for any obligation owed by Strategic Logix to Plaintiff under USERRA.

## COUNT I

## CONTRIBUTION AND INDEMNIFICATION FOR ANY USERRA LIABILITY

18.     Tandem Defense incorporates the foregoing paragraphs as if fully set forth herein.

19.    Plaintiff alleges that Tandem Defense is liable to him under USERRA, 38 U.S.C. §§ 4301–4335, on the theory that Tandem Defense is a "successor in interest" to Strategic Logix. Tandem Defense denies that allegation.

20.    If, contrary to Tandem Defense's position, the Court concludes that Tandem Defense is liable to Plaintiff under USERRA on a "successor in interest" theory, then any such liability is derivative of, and dependent upon, the obligations Strategic Logix owes (or is alleged to owe) to Plaintiff as Plaintiff's alleged USERRA employer.

21.    Strategic Logix is therefore liable to Tandem Defense for any and all amounts that Tandem Defense is required to pay, perform, or tender to Plaintiff in connection with such USERRA liability, including without limitation any back pay, front pay, lost benefits, equity-in-lieu transfers, attorneys' fees, and costs.

22.    Tandem Defense is entitled to contribution from, and full indemnification by, Strategic Logix for any USERRA liability imposed on Tandem Defense in the underlying action.

## COUNT II

## COMMON-LAW INDEMNIFICATION

23.    Tandem Defense incorporates the foregoing paragraphs as if fully set forth herein.

24. If any liability is imposed on Tandem Defense to Plaintiff in the underlying action, that liability is imposed solely because of Tandem Defense's alleged status as a "successor in interest" to Strategic Logix. Tandem Defense's liability, if any, would be passive, secondary, and derivative.

25. Strategic Logix's liability to Plaintiff, if any, would be active, primary, and direct. Strategic Logix was, on Plaintiff's own allegations, the entity that employed Plaintiff prior to his uniformed-services deployment; that any USERRA reemployment obligation was owed by; and that has in fact reemployed Plaintiff. Strategic Logix is the entity that owed Plaintiff any duty of reemployment that USERRA may protect, and any consequential damages Plaintiff claims flow directly from Strategic Logix's alleged conduct.

26. Tandem Defense is entitled to common-law indemnification from Strategic Logix for any and all amounts Tandem Defense is required to pay, perform, or tender to Plaintiff in connection with the underlying action, plus its reasonable costs and attorneys' fees incurred in defending the underlying action.

## COUNT III

### EQUITABLE CONTRIBUTION

27. Tandem Defense incorporates the foregoing paragraphs as if fully set forth herein.

28.    In the alternative to Counts I and II, Tandem Defense is entitled to equitable contribution from Strategic Logix for any amount Tandem Defense is required to pay or perform in excess of its proportionate share of that joint or concurrent liability.

29.    Strategic Logix's proportionate share of any such joint or concurrent liability is, at a minimum, the full extent of any USERRA reemployment obligation that may have existed, because Strategic Logix was the entity that allegedly employed Plaintiff and is the entity that has now, in fact, reemployed him.

## COUNT IV

## DECLARATORY JUDGMENT (28 U.S.C. § 2201)

30.    Tandem Defense incorporates the foregoing paragraphs as if fully set forth herein.

31.    An actual case or controversy exists between Tandem Defense and Strategic Logix concerning the parties' respective rights and obligations as to Plaintiff's claims in the underlying action.

32.    Tandem Defense seeks a declaratory judgment under 28 U.S.C. § 2201 declaring that:

(a)    Strategic Logix, and not Tandem Defense, was the entity, if any, that owed Plaintiff any USERRA reemployment obligation in connection with his uniformed-services absence;

7

(b)     Strategic Logix, by extending its May 19, 2026 written offer of employment to Plaintiff and Plaintiff's May 20, 2026 acceptance, has reemployed Plaintiff and satisfied any obligation it may have had under USERRA to do so;

(c)     Plaintiff's claim for mandatory reinstatement and for the transfer of any equity in Tandem Defense is no longer supported by any live USERRA reemployment obligation; and

(d)     To the extent any USERRA liability is imposed on Tandem Defense in the underlying action, Strategic Logix is liable to Tandem Defense for all such amounts pursuant to the principles of contribution and indemnification set forth in Counts I, II, and III above.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff Tandem Defense LLC respectfully prays that this Court enter judgment in its favor and against Third-Party Defendant Strategic Logix, LLC, and grant the following relief:

(a)     On Count I, judgment for contribution and full indemnification for any USERRA liability imposed on Tandem Defense in the underlying action;

(b)     On Count II, judgment for common-law indemnification for any liability imposed on Tandem Defense in the underlying action;

(c)     On Count III, judgment for equitable contribution in an amount sufficient to apportion any joint or concurrent liability to Plaintiff between Tandem

Defense and Strategic Logix consistent with their respective fault, conduct, and USERRA obligations;

(d) On Count IV, a declaratory judgment as set forth in Count IV; and

(e) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Tandem Defense LLC demands a trial by jury on all issues so triable.

Respectfully submitted, this 3rd day of June, 2026.

*/s/ Peter J. Wozniak*

Peter J. Wozniak
Georgia Bar No. 808824
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
pwozniak@kslaw.com

Counsel for Defendant / Third-Party
Plaintiff Tandem Defense LLC

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to L.R. 7.1D (N.D. Ga.), the undersigned certifies that this filing has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

*/s/ Peter J. Wozniak*

Peter J. Wozniak

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed this THIRD-PARTY COMPLAINT with the Court using the CM/ECF System which will serve a copy via the e-filing system on all counsel of record. I also caused a copy to be served on Third-Party Defendant Strategic Logix, LLC by service of process in accordance with Federal Rule of Civil Procedure 4 and Federal Rule of Civil Procedure 14(a)(1). A copy was additionally served via U.S. Mail and email on the following:

Cary S. King
Attorney for Andrew Valkenburg
Registered Agent for Tandem Defense, LLC
SK Law Group
6600 Peachtree Dunwoody Rd
Building 500, Suite 255
Atlanta, GA 30328
cary@sklawgroupatl.com

Grace M. Tillman
Attorney for Jeremy Schnipke
Oberman Law Firm
327 Dahlonega Street, Suite 401
Cumming, Georgia 30040
grace@obermanlaw.com

David G.H. Brackett
Patrick C. Fagan
Attorney for Addam Orsburn
Bondurant Mixson & Elmore, LLP
1201 West Peachtree St NW
Suite 3900
Atlanta, GA 30309
brackett@bmelaw.com
fagan@bmelaw.com

Alexander C. Meier
Cary R. Burke
Attorney for Addam Orsburn
Lee Meier Burke, LLC
695 Pylant Street NE
Suite 105
Atlanta, Georgia 30306
ameier@leemeierburke.com
cburke@leemeierburke.com

This 3rd day of June, 2026.

*/s/ Peter J. Wozniak*

Peter J. Wozniak

11