## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Addam Orsburn, <br><br>     Plaintiff, <br><br> v. <br><br> Tandem Defense LLC, Jeremy Schnipke, Andrew Valkenburg, and Autonomous Power Corporation d/b/a Powerus, <br><br>     Defendants. | CIVIL ACTION <br> No.: 1:26-cv-01637-VMC <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO ADD PARTIES

Plaintiff Addam Orsburn, pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, requests that the Court add Autonomous Power Corporation d/b/a Powerus and Neil Valkenburg as defendants. In support of his motion, Orsburn states as follows:

1.      On March 26, 2026, Orsburn filed his original complaint against Andrew Valkenburg, Jeremy Schnipke, and Tandem Defense LLC [ECF No. 1].

2.      On April 30, 2026, Orsburn filed an Emergency Motion for Preliminary Injunction [ECF No. 9]. The Court then held two days of evidence and argument before granting the motion in part.

1

3.      On June 23, 2026, Orsburn's counsel made an oral motion to amend the Complaint. The Court granted the motion and directed Orsburn to file an amended complaint on or before July 15, 2026. (Order, ECF No. 46.)

4.      As part of his amended complaint, Orsburn added Powerus and Neil Valkenburg as parties. (*See generally* Am. Compl.)

5.      Rule 20 of the Federal Rules of Civil Procedure provides that a person may be joined in an action as a defendant if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

6.      Rule 21 of the Federal Rules of Civil Procedure provides, in part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Eleventh Circuit has held that "[d]ropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court." *Lampliter Dinner Theatre, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir.1986). In exercising that discretion, the Court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir.2002) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir.2000)). "The Supreme Court has instructed the lower courts to

2

employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: 'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Alexander*, 207 F.3d at 1323 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)).

7.      The claims against Powerus and Neil Valkenburg arise out of the same transaction or occurrence as other claims, including those where the Court has already determined that Orsburn is substantially likely to prevail. In sum, Orsburn claims that Andrew Valkenburg and Schnipke discriminated and retaliated against Orsburn, as well as breached their fiduciary duties, in attempting to squeeze out Orsburn from Strategic Logix, refusing to return him to his position as the Director of Business Development, and then siphoning off Strategic Logix's business prospects to a newly created company, Tandem Defense.

8.      Orsburn alleges that Powerus aided and abetted those fiduciary violations and that Powerus, the parent company of Tandem Defense, is now moving assets and operations from Tandem Defense to Powerus to avoid liability from this lawsuit. Orsburn also alleges that Neil Valkenburg acted in concert to facilitate Valkenburg's and Schnipke's migration of business from Strategic Logix to Tandem Defense. Orsburn also alleges that Powerus and Neil Valkenburg participated in a

3

civil conspiracy regarding the breaches of fiduciary duty described in the amended complaint.

9.      These allegations likewise establish numerous common questions of law and fact, including the migration of business from Strategic Logix to Tandem Defense, fiduciary breaches by Schnipke and Andrew Valkenburg, and the activities of Powerus and Tandem Defense relative to those of Strategic Logix.

10.     The addition of these parties does not impact the Court's subject-matter jurisdiction. The Court has original subject matter jurisdiction over 28 U.S.C. § 1331, and complete diversity exists with the addition of Powerus and Neil Valkenburg. Even if the Court lacked original subject matter jurisdiction over a claim, it would nonetheless have supplemental jurisdiction under 28 U.S.C. § 1367 because the non-federal claims arise out of the same common nucleus of operative facts.

Accordingly, Orsburn respectfully requests that the Court grant Orsburn's motion and add Powerus and Neil Valkenburg as defendants in this action.

*[signature block on following page]*

4

Respectfully submitted, this 15th day of July, 2026.

<table>
<tr><td>

*/s/ Patrick C. Fagan*
David G. H. Brackett
Georgia Bar No. 068353
Patrick C. Fagan
Georgia Bar No. 387016
BONDURANT MIXSON
 & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
brackett@bmelaw.com
fagan@bmelaw.com

</td><td>

*/s/ Alexander C. Meier*
Alexander C. Meier
Georgia Bar No. 282350
Cary R. Burke
Georgia Bar No. 757627
LEE MEIER BURKE, LLC
695 Pylant Street NE, Suite 105
Atlanta, Georgia 30306
Telephone: (404) 999-4798
ameier@leemeierburke.com
cburke@leemeierburke.com

</td></tr>
</table>

**COUNSEL FOR PLAINTIFF**

5

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to L.R. 7.1D (N.D. Ga.), the undersigned certifies through

undersigned counsel that this filing has been prepared in Times New Roman, size

14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

*s/ Alex Meier*
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice to Defendants' counsel as follows:

*Counsel for Defendant Andrew Valkenburg*
Cary King
SK Legal Group, LLC
cary@sklawgroupatl.com

*Counsel for Defendant Jeremy Schnipke*
Grace M. Tillman
Oberman Law Firm
grace@obermanlaw.com
Kimberly Worth
kworth@worthjarrell.com

*Counsel for Defendant Tandem Defense, LLC*
Peter J. Wozniak
Andrew Cockroft
King & Spalding LLP
pwozniak@kslaw.com
acockroft@kslaw.com

*s/ Alex Meier*
*Counsel for Plaintiff*

7